UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States of America, | No. Case 2:19-cr-00107-KJM |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Travis Burhop, | |
| Defendant. | |

The court sentenced defendant Travis Burhop to 84 months' incarceration. *See* Judgment & Commitment at 2, ECF No. 2462; Sent. Hr'g Mins., ECF No. 2459. On January 31, 2025, Burhop filed a motion to modify or correct his sentence under 28 U.S.C. § 2255. ECF No. 2536. He argues his appointed attorney "provided ineffective assistance of counsel because he did not request that [his] sentence was to begin from the date of [his] arrest on federal charges on June 4, 2019, when [he] was sentenced on October 31 [sic], 2024," misstating the date of his sentencing. *Id.* at 5; *see also* Sent. Hr. Mins, ECF No. 2459 (dated October 2, 2024). He argues this failure will cause him "prejudice because if [his] lawyer had requested [his] sentence begin on June 4, 2019, [he] could be out in approximately 4 months." Mot. at 5. He asks "that this court order the [Bureau of Prisons] to award credit for time served . . . from June 4, 2019 instead of October 31 [sic], 2024." *Id.* at 13.

1

1    Burhop's § 2255 motion was filed and signed by the attorney who represented him at
2    sentencing. *See id.* (signature of counsel). The court reviewed that motion and determined it was
3    appropriate to appoint new counsel to represent him, given his allegations of ineffective
4    assistance. Min. Order, ECF No. 2544. After a new attorney was identified and appointed, the
5    parties stipulated, and the court ordered, that any response to Burhop's motion was due on
6    April 14, 2025, with an optional reply due April 28, 2025. *See* Stip. & Order, ECF No. 2714.
7    The government has filed no response, and Burhop has filed no reply. The court takes the matter
8    under submission without holding a hearing.
9        The Constitution guarantees defendants the right to the effective assistance of counsel in
10    criminal prosecutions against them. *See* U.S. Const. amend. VI; *Strickland v. Washington*,
11    466 U.S. 668, 686 (1984). To show an attorney's assistance was ineffective in violation of that
12    guaranty, a defendant must prove both the attorney's performance "fell below an objective
13    standard of reasonableness," *id.* at 688, and "there is a reasonable probability that, but for
14    counsel's unprofessional errors, the result of the proceeding would have been different," *id.*
15    at 694.
16        An arrest warrant on the federal charges in this case was issued for Burhop on May 21,
17    2019. ECF No. 2. The court signed a writ of habeas corpus *ad prosequendum* for his retention in
18    federal custody on June 19, 2019. ECF No. 53. He was in federal custody after that date. *See*
19    Presentence Investigation Report at 4, ECF No. 2461 (sealed); Notice of No Objection, ECF
20    No. 2452. Burhop signed a cooperation agreement on June 4, 2022, ECF No. 1331, and a plea
21    agreement on September 7, 2022, ECF No. 1321. The court accepted his guilty plea on
22    November 1, 2022, *see* Mins. for Change of Plea Hr'g, ECF No. 1322, and sentenced him on
23    October 2, 2024, ECF No. 2459; *see also* Sent. Hr'g Tr., ECF No. 2703 (sealed).
24        During the sentencing hearing, the court asked Burhop's counsel, Tom Pori, and
25    government counsel, Jason Hitt, whether Burhop would soon have served the entirety of a
26    hypothetical 84-month sentence:

27            The Court: So if—Assuming I do impose the 84 months, Mr. Burhop
28            serves that, when is he time served on that?

| | |
|---|---|
| 1 | Mr. Pori: On the state court? |
| 2 | The Court: No. 84 months on federal. |
| 3 | Mr. Pori: Oh, on federal— |
| 4, 5 | Mr. Hitt: We estimate he's done about 61 to 63 months, depending on when he arrived on the writ. |
| 6 | The Court: So it's getting close. |
| 7, 8, 9 | Mr. Hitt: So—yeah.  There is a cushion, if 84 months is imposed, to try and resolve the state case prior to being discharged from federal custody. |
| 10 | The Court: But is there also a request here to delay? |
| 11 | Mr. Hitt: No. |

Sent. Hr'g Tr. at 18.  Burhop's counsel did not object or offer any contradicting information. That is, all agreed Burhop had been in federal custody for more than sixty months at the time of his sentencing.  That understanding matched the record summarized above: if Burhop was retained in federal custody on the same day the habeas corpus writ was signed (June 19, 2019), then he would have served between 63 and 64 months' incarceration at the date of his sentencing hearing (October 2, 2024), which shows in turn that he will have completed an 84-month sentence in June 2026, assuming he received credit for his federal detention, and without considering any other potential statutory credits.  *See* 18 U.S.C. § 3624(b)(1) (providing for "credit toward the service of [a] sentence" in some circumstances).

    For these reasons, the record shows neither that Burhop's counsel wrongly failed to ask that he receive credit for all of his time in federal custody, as Burhop now contends, nor that his attorney's representation fell short of any professional standard.  To the contrary, Burhop's counsel appears to have agreed with the government that he would be credited for his time in federal custody, starting as early as June 19, 2019, when the federal writ of habeas corpus was issued.  If the Bureau of Prisons has calculated differently, the record does not show Burhop's counsel is to blame for any error under the *Strickland* standard.

/////

1       The motion to correct or modify (ECF No. 2536) is **denied**.

2       IT IS SO ORDERED.

3    DATED: May 23, 2025.

                                                             _____
                                                             SENIOR UNITED STATES DISTRICT JUDGE